BILL LOCKYER, Attorney General
of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
DAVID A. CARRASCO, SBN 160460
Supervising Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 323-1938
  Fax: (916) 324-5205
  E-mail:  David.Carrasco@doj.ca.gov

Attorneys for Defendants
California Department of Corrections and Rehabilitation,
Schwarzenegger, Alameida, Woodford, Candelaria, Songer,
Shen, Adams, Posner, Klarich, Snow, Loaiza, and Kumar
SA2005101838

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DANIEL CORDERO,<br><br>                    Plaintiff,<br><br>       v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | No. 1: 05-CV-00268 REC DLB<br><br>**STIPULATION AND ORDER VACATING ORDER REQUIRING DEFENDANTS TO RESPOND TO COMPLAINT** |

It is stipulated by the parties that Defendants need not file a response to the Complaint during the settlement negotiations now underway.  Accordingly, the parties request that the Court vacate its order requiring Defendants to file their response to the Complaint.

At the status conference on January 23, 2006, at Plaintiff's request, the Court ordered that Defendants file a response to the Complaint by March 24, 2006.  At the same time, the Court scheduled a settlement conference for April 20, 2006.  Before that settlement

conference, Plaintiff had communicated a settlement proposal to Defendants.  Since the status conference, Defendants conveyed their initial settlement proposal to Plaintiff.

Although the parties have not reached a settlement agreement, they are convinced that each party is negotiating in good faith, and that the prospects of a settlement are good.  If Defendants were to file a response to the Complaint, it would likely be in the form of a motion to dismiss some of the named Defendants and alleged claims.  Such a motion would probably be opposed by Plaintiff.  The prospective settlement would obviate the need for adjudication of this motion and the attendant expenditure of the Court's and the parties' time.  For this reason, the parties request that the Court order that its previous order requiring Defendants' response to the Complaint be vacated.  If and when it becomes clear that a settlement cannot be reached, Defendants will file a response.

IT IS SO STIPULATED.

Dated:  March 14, 2006         */s/ James Muller*
                               JAMES S. MULLER
                               Attorney for Plaintiff

Dated:  March 14, 2006         */s/ David Carrasco*
                               DAVID A. CARRASCO
                               Attorney for Defendants

**ORDER**

The Court, having considered the parties' stipulation for an order vacating the order requiring Defendants to respond to the Complaint by March 24, 2006, and good cause showing therefore, orders as follows:  Defendants need not file a response to the Complaint until April 20, 2006, when the parties are scheduled to meet for a settlement conference.  After the settlement conference, the Court will inquire with the parties and determine whether to set another deadline for Defendants' response to the Complaint.

IT IS SO ORDERED.

Dated:   **March 27, 2006**              */s/ Dennis L. Beck*
3b142a                                   UNITED STATES MAGISTRATE JUDGE